I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Pet (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-05-12

DEPUTY CLERK

FILED
OCT - 5 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEVAR BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>LEROY BACA,<br><br>    Respondent. | Case No. CV 12-8475-VAP (MLG)<br><br>MEMORANDUM AND ORDER APPOINTING COUNSEL AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

Levar Brown filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 3, 2012. He is currently incarcerated in the Los Angeles County Jail. The petition is somewhat difficult to understand. As best that the Court can determine from the pleading, Petitioner is awaiting trial on, or has been recently convicted of, two counts of robbery and one count of burglary. Petitioner claims that the trial court will not allow the defense "adequate representation" and discovery material. He further claims that he was denied the assistance of counsel when the trial court denied an continuance.

The current petition for writ of habeas corpus is defective in that it does not state whether Petitioner has been convicted of any crimes or is still awaiting trial. If he has been convicted,

1  Petitioner has failed to advise the Court of the sentence that was
2  imposed. Moreover, if there has been a judgment entered, Petitioner
3  has failed to advise the Court of the state appellate history of the
4  case. If no appeal has been taken, the claims in the petition are not
5  exhausted, thereby precluding relief under section 2254. *Rose v.*
6  *Lundy*, 455 U.S. 509, 522 (1982). Finally, if trial is still pending,
7  consideration of the petition is likely barred by the abstention
8  doctrine of *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), which
9  requires federal courts to abstain from intervening in ongoing state
10 criminal proceedings.[1]

11      Based on the above-noted deficiencies, the petition is DISMISSED
12 with leave to amend. Petitioner may file a "First Amended Petition"
13 not later than 21 days from the date of this order. Petitioner must
14 advise the Court of the status of the state criminal proceedings; if
15 convicted, the sentence imposed; as well as the state appellate
16 history of the case.

17      To that end, the Clerk is instructed to send to petitioner with
18 this order a copy of the latest version of form Civ 69 - Petition for
19 Writ of Habeas Corpus by a Person in State Custody, pen-changed to
20 reflect "First Amended" Petition. Petitioner is advised that any
21 memorandum in support of the petition is limited to 15 pages.
22 Petitioner must clearly explain the basis of his detention as well
23 as the nature of any appeals he has taken.
24 \\
25 _____

26 [1] The Court notes that on April 25, 2012, Petitioner file a petition for writ of habeas corpus in this Court. *Brown v. Baca*, Case
27 No. CV 12-3593-VAP (MLG). That petition was dismissed without prejudice on June 11, 2012 pursuant to *Younger*, because petitioner was a pretrial
28 detained and had yet to be convicted of any criminal offense, precluding federal court intervention.

Petitioner is further advised that if he fails to file a First Amended Petition in accordance with the requirements of this order and 28 U.S.C. § 2254, the action will be subject to dismissal without further notice.

Dated: October 5, 2012

Marc L. Goldman
United States Magistrate Judge