

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 2 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

LEVAR BROWN,

      Petitioner,

      v.

LEROY BACA,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-8475-VAP (MLG)

MEMORANDUM OPINION AND ORDER
DISMISSING PETITION WITHOUT
PREJUDICE AND DENYING CERTIFICATE
OF APPEALABILITY

## I.   Factual and Procedural Background

Levar Brown filed this first amended petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 17, 2012.[1] The first amended petition reveals that Petitioner is awaiting trial in the Los Angeles County Superior Court on two counts of robbery and one count of burglary. There is also a probation violation hearing pending. Although the petition is difficult to understand, it appears to set out a litany of complaints regarding the pretrial proceedings in Petitioner's pending criminal case. Petitioner claims that the trial court will not allow the defense "adequate representation" and

---

[1] The original petition, filed on October 3, 2012, was dismissed with leave to amend on October 5, 2012.

Petitioner certain discovery material.[2] He complains about the Court's delay in hearing a motion to suppress evidence and the inability to use the law library at the jail. He further claims that exculpatory material has been withheld by the prosecutor.

This petition mirrors one filed on April 25, 2012, which was dismissed without prejudice June 11, 2012, based on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Brown v. Baca*, Case No. CV 12-3593-VAP (MLG). Because the current petition challenges the same pending state criminal charges and because no judgment has been entered in that case, this Court will not intervene in those state court proceedings, and the petition will be dismissed without prejudice.

## II. Screening Requirement

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[if it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that the is not cognizable under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Accordingly, summary dismissal of the petitions is

---

[2] It may be that Petitioner is currently representing himself in these state court criminal proceedings.

1  warranted. [3]

2  //

3  //

4  //

5

---

6  [3] Petitioner has consented to the exercise of consent jurisdiction by the United States Magistrate Judge. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the instant proceeding and has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not been served with the Petition and therefore is not a party to this proceeding. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to 28 U.S.C. § 636(c)(1). *See, e.g, Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the "parties" and the property owner, having failed to comply with the applicable filing requirements, was not a "party"); *see also Patrick Collins, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 125671, at *4 n.1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s)."); *Third World Media, LLC v. Doe*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); *Kukiela v. LMA Prof'l Recovery Group*, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1, 2011) ("Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment."); *Quigley v. Geithner*, 2010 WL 3613901, at *1 (D. Idaho Sept. 8, 2010) ("Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case."); *Ornelas v. De Frantz*, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require the consent of defendants in order to dismiss this action because defendants have not been served, and, as a result, are not parties under the meaning of 28 U.S.C. § 636(c).").

1  III. **The Court Will Abstain from Intervening in the Pending State**

2      **Proceedings**.

3       Because Petitioner is still a pretrial detainee in that he has

4  not yet been tried on the pending charges, the Court has construed

5  the petition as one filed pursuant to 28 U.S.C. § 2241. *Braden v.*

6  *Judicial Circuit Court*, 410 U.S. 484, 503 (1973)(Rehnquist, J.,

7  dissenting); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir.

8  2003).[4] Federal courts generally abstain from interfering with

9  pending state criminal proceedings before the entry of a judgment of

10 conviction. *Braden*, 410 U.S. at 489. In *Younger v. Harris*, 401 U.S.

11 37, 43-54 (1971), the Supreme Court strictly limited a federal

12 court's ability to intervene in an ongoing state criminal proceeding.

13 A federal court must abstain from addressing an asserted violation

14 of a federal constitutional right where (1) state judicial

15 proceedings are still pending, (2) the state proceedings implicate

16 important state interests, and (3) the state proceedings offer an

17 adequate opportunity to put forward the federal question. *Middlesex*

18 *County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

19 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223-24

20 (9th Cir. 1994). All three elements must be present in order for

21 abstention to be appropriate. *Agriesti v. MGM Grand Hotels, Inc.*, 53

22 F.3d 1000, 1001 (9th Cir. 1995).

23      Only when a person subject to state criminal prosecution can

24 show that he will suffer irreparable injury, which is both great and

25 immediate, may intervention be warranted. *Younger v. Harris*, 401 U.S.

26 ───────────────

27      [4] Section 2254 applies only to a prisoner challenging a judgment
   of conviction of a state court. Because trial is still pending and
28 there is no judgment of conviction, section 2254 is not applicable.
   *Blanas*, 336 F.3d at 824 n.1.

4

1  at 46. Irreparable injury has been found where a state is attempting

2  to hold a second trial after a defendant has been tried on the same

3  offense, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992),

4  and when a defendant has been denied his right to a speedy trial,

5  *McNeely v. Blanas*, 336 F.3d at 832 (holding that pretrial delay of

6  over five years violates speedy trial rights). *See also Brown v.*

7  *Ahern*, 676 F.3d 899, 903 (9th Cir. 2012). Special circumstances which

8  might warrant federal intervention before trial also include proven

9  harassment and bad faith prosecutions. *Carden v. Montana*, 626 F.2d

10  82, 84 (9th Cir. 1980).

11     Although there is no exhaustion requirement under section

12  2241(c)(3), principles of comity and federalism require a federal

13  court to abstain from deciding pre-conviction habeas corpus

14  challenges unless a petitioner demonstrates that (1) he has exhausted

15  available state judicial remedies, and (2) "special circumstances

16  warrant federal intervention." *See Carden v. Montana*, 626 F.2d 82,

17  83-84 (9th Cir. 1980). Here, Petitioner has not raised these claims

18  for relief in the California Court of Appeal or Supreme Court.

19     Regardless, Petitioner has failed to demonstrate any special

20  circumstance or irreparable injury that would warrant federal

21  intervention and which cannot be addressed by the state courts in an

22  orderly fashion. It is clear from the petition itself that Petitioner

23  simply is unhappy with the superior court's rulings on pretrial

24  matters and believes that the federal courts should now intervene in

25  his favor. Petitioner has therefore failed to present any compelling

26  reason for this federal court to interfere with the ongoing state

27  criminal proceeding.

28  //

1    All three elements warranting abstention are present. State
2 judicial proceedings are on-going; the state proceedings involve the
3 enforcement of state criminal laws, an important state interest; and
4 Petitioner will have an adequate opportunity to raise his
5 constitutional claims on appeal in the California courts, after he
6 is sentenced. Accordingly, the Court finds that abstention is proper
7 with respect to the still-pending failure to register charge.

8

9 **III.** **Conclusion**
10    For the reasons stated above, this petition is **DISMISSED** without
11 prejudice.

12

13              **CERTIFICATE OF APPEALABILITY**
14    A certificate of appealability will not issue. Reasonable
15 jurists would not find the dismissal of the petition as successive
16 debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

17

18 Dated: October 22, 2012

19

20

21                          _____
22                          Marc L. Goldman
                            United States Magistrate Judge

23

24

25

26

27

28

                              6